UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHAWN PALMORE,
Plaintiff,

vs.

C/O DAVID DUNLAP, et al.,
Defendants.

Case No. 1:17-cv-139
Black, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, a former inmate at the Southern Ohio Correctional Facility (SOCF), brings this action against numerous SOCF officials alleging a violation of his constitutional rights. On March 14, 2017, plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 2). That same date, the Court ordered service of process on the defendants and informed plaintiff to promptly notify the Court of any changes in plaintiff's address which may occur during the pendency of this lawsuit. (Doc. 4). Defendants filed a motion for judgment on the pleadings on November 13, 2017. (Doc. 9). The Court sent a notice to plaintiff on that date advising him that defendants had filed a motion for judgment on the pleadings and that failure to file a response to the motion within 21 days from the date of service set forth in the certificate of service attached to the motion may warrant dismissal of the case under Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 10). On November 28, 2017, the notice was returned by the Post Office marked "return to sender" and "released." (Doc. 11). On November 29, 2017, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss this case for lack of prosecution. (Doc. 12). The Order notified plaintiff that failure to comply with the terms of the Order would result in a recommendation to the District Judge that this action be dismissed. To date, more than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

Plaintiff's failure to respond to defendants' motion for judgment on the pleadings and to the Order to Show Cause warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-631; *Jourdan*, 951 F.2d at 109.

## IT IS THEREFORE RECOMMENDED THAT:

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 3/1/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHAWN PALMORE,
Plaintiff,

vs.

C/O DAVID DUNLAP, et al.,
Defendants.

Case No. 1:17-cv-139
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).